Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ CARLOS APONTE RAMOS<br><br>Peticionario | KLCE202301069 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Crim. Núm.: FVI2021G0007 y otros<br><br>Por: Art. 93(A)(1er grado) y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

El Tribunal de Primera Instancia ("TPI") determinó admitir, en un juicio por jurado por asesinato, la grabación de una llamada al Sistema 911. Por las razones que se exponen a continuación, declinamos intervenir, en esta etapa, en el caso de referencia.

I.

Al mediodía de ayer, el Sr. José Carlos Aponte Ramos (el "Peticionario" o "Acusado") presentó el recurso que nos ocupa. Aunque no presentó una moción en auxilio de jurisdicción, solicitó que, mientras se adjudica el recurso, "se paralicen los procedimientos de juicio por jurado". Según expone el Acusado, actualmente se conduce en su contra un "segundo juicio por jurado", el cual comenzó en junio de este año.

El Acusado indica que, mediante una Resolución de 20 de septiembre de 2023, luego de una vista bajo la Regla 109 de las de Evidencia, el TPI determinó que, "por no ser de aplicación la Regla 403 de Evidencia", "se podrá presentar la grabación del Sistema

911" al jurado.  El Acusado asevera que solicitó la reconsideración de este dictamen, lo cual fue denegado por el TPI.

El Acusado plantea que (i) la grabación no es pertinente y (ii), en todo caso, su admisión causaría un "perjuicio indebido" y "confusión en el jurado".  En cuanto a lo primero, sostiene que la llamada no es pertinente porque solo demuestra que la misma se hizo y que las personas que la hicieron "se encontraban altamente conmovidas y afectadas por lo que estaban viviendo", pero que no aporta nada en cuanto a si el Acusado es culpable de los delitos imputado.  Ello porque, según se asevera, durante la llamada, únicamente se "escucha[] por siete minutos diferentes personas pasarse el teléfono mientras gritan y explican cómo llegar a la escena".  En cuanto a lo segundo, el Acusado arguye que la "única intención" del Ministerio Público es "causar horror e inflamar [el] ánimo" del jurado.  Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).  Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.  Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

Considerados los factores de la Regla 40, *supra,* concluimos que debemos denegar el auto solicitado, así como la solicitud de paralización del juicio. No es aconsejable nuestra intervención en esta etapa de los procedimientos, lo cual dilataría innecesariamente la solución final de este caso. Regla 40(E) y (F) de nuestro Reglamento, *supra.* Al respecto, resaltamos que está transcurriendo un juicio por jurado, y que, de resultarle adverso el fallo, el Acusado estará en libertad de reproducir su planteamiento de error en apelación, por lo que tampoco estamos ante una situación en la que se requiera nuestra intervención para evitar un fracaso de la justicia. Véase Regla 40(G) de nuestro Reglamento, *supra.*

IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones